UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMAN, | |
| Plaintiff, | 17-cv-9174 |
| v. | **ORDER GRANTING PRO BONO COUNSEL** |
| JOHN DOE *et al.*, | |
| Defendants. | |

KENNETH M. KARAS, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of defending Plaintiff against Defendants Motions To Dismiss the Fourth Amended Complaint in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those

litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order, Dkt. No. 6.)  Plaintiff therefore qualifies as indigent.

In the Fourth Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  (Dkt. No. 107.)  Plaintiff has been an inmate in the custody of the New York State Department of Corrections and Community Supervision since April 18, 1990.  On January 16, 2016, while playing basketball at Sing Sing Correctional Facility, Plaintiff injured a

finger on his right hand. Plaintiff's § 1983 claims arise out of allegations regarding the adequacy of the medical care he received. Specifically, Plaintiff alleges that there was a significant delay in surgery on his finger which caused permanent damage. (See Fourth Am. Compl., Dkt. No. 107.) The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61–62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. Plaintiff would significantly benefit from pro bono counsel to defend against Defendants Motions To Dismiss. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

The Court will request that counsel appear for the limited purpose of representing Plaintiff in opposing Defendants Motions To Dismiss. Defendants' Motions To Dismiss are due December 17, 2020. Plaintiff's opposition is due January 31, 2021. Defendants' replies are due February 13, 2021. Pro bono counsel would have the option of staying on to represent Plaintiff at trial, if counsel would like to do so.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of drafting an opposition to the Motions To Dismiss.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated:   November 19, 2020
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE